WATKINS, Judge.
In this proceeding, Dr. J. Dalton Warren proceeded by rule to obtain a reduction in the amount of alimony pendente lite payable to his wife, Joyce Inez Warren, from the sum of $1,044.76 per month to a lesser sum on the ground of change of circumstances. After trial on the rule, the trial court reduced alimony payments to $750.00 per month.
The record is incomplete. Nowhere is there to be found the original or a certified copy of the judgment initially fixing alimony pendente lite. Furthermore, Dr. Warren claimed he was forced to work in his profession of chiropractor for reduced hours because of an alleged heart condition. He had never seen a heart specialist, and the record contains only medical reports of two physicians, Dr. E.G. Thompson and Dr. M.A. DeJohn, both obviously prepared subsequent to trial on the rule, relating subjective symptoms, viz chest pains. The court at the conclusion of the trial on the rule directed that Dr. Warren undergo an exam *51 ination by a heart specialist who visited Clinton, Louisiana, once each week. No copy of the report of the heart specialist is to be found in the record, and it is uncertain whether or not Dr. Warren ever underwent the examination. The trial court gave no reasons for judgment, and no explanation is given for the absence of a report or deposition of the heart specialist. Under the circumstances, we cannot be certain that a change in circumstances had occurred which necessitated a reduction of alimony. Furthermore, Mrs. Warren had incurable cancer which is not covered by medical or hospitalization insurance. We may reasonably assume treatment of this condition will entail great expense. As a transcript of the original proceedings to fix alimony is missing from the record, we cannot be certain whether or not Mrs. Warren’s condition constitutes a change in circumstances.
Counsel for appellee, Dr. Warren, relies upon the manifest error rule as enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). As the record is incomplete, the manifest error rule is without application.
The judgment of the trial court is vacated and set aside, and the matter remanded for reconsideration after completion of the record as outlined herein, all costs to await final disposition of the matter.
REMANDED.